

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,273-01

### EX PARTE ANTHONY LEXINGTON KOPYCINSKI, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 85949-CR-A IN THE 149TH DISTRICT COURT
### FROM BRAZORIA COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of murder and sentenced to life years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Kopycinski v. State*, No. 13-20-00548-CR (Tex. App.—Corpus Christi-Edinburgh, May 26, 2022) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant essentially contends that he did not receive appellate counsel's notice of the court of appeals's judgment and advisement of the right to file a *pro se* petition for discretionary review until after the deadline for filing such a petition had passed. The State and the trial court both recommend that Applicant be allowed to file an out-of-time *pro se* petition for discretionary review.

According to the record, appellate counsel timely sent a letter to Applicant advising him of the court of appeals's ruling and his right to file a *pro se* petition for discretionary review; however, the letter was returned to appellate counsel as undeliverable because Applicant had been removed from the address of his last known prison unit. By the time Applicant received appellate counsel's second letter, the deadline for filing, as well as the deadline for requesting an extension to file, a petition for discretionary review had both passed.

Relief is granted. Applicant may file an out-of-time petition for discretionary review of the judgment of the Thirteenth Court of Appeals in cause number 13-20-00548-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: November 16, 2022
Do not publish